IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| U.S. BANK N.A. as Trustee for Master Adjustable Rate Mortgage Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1, | : : : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action File No.: 1:12-CV-646-TWT |
| FRANCISCO VALLEJOS and any other occupant, | : : : | |
| Defendant. | : : | |

## **ORDER and FINAL REPORT AND RECOMMENDATION**

This case is before the court on the request filed by Gonda El for leave to remove a dispossessory proceeding from the Magistrate Court of Fulton County, Georgia (see Order and Judgment, attach. 1 to Doc. 1, at 66), to this court without prepayment of fees or security therefor pursuant to 28 U.S.C. § 1915(a). [Doc. 1]. Gonda El claims to be the "Executrix for the Estate of Francisco Vallejos" (see Removal to Federal Court for Diversity of Citizenship, attach. 1 to Doc. 1, at 1) and further claims to be in possession of the property at issue (see Motion to Set Aside Order, attach. 1 to Doc. 1 at 64). El does not provide any documentation to show that Defendant Vallejos is deceased or to support her claim that she has been appointed as the "Executrix for the Estate of Francisco Vallejos" or that she is authorized to remove this action on Vallejos' behalf.

After consideration of Gonda El's affidavit in support of the Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 1], the court

**GRANTS** the request to proceed *in forma pauperis* for the limited purpose of determining whether this action has been properly removed to this court.

## Discussion

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Thus, "a district court must always answer the question of whether it has subject matter jurisdiction to hear a case." HSBC Mortg. Servs., Inc. v. Cunningham, No. 1:07-cv-02480-WSD-JFK, 2007 U.S. Dist. LEXIS 79205, at *3-4 n.2 (N.D. Ga. Oct. 12, 2007). The party seeking removal has the burden of demonstrating that federal jurisdiction exists, Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001), and "uncertainties are resolved in favor of remand," Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). In the absence of diversity of citizenship, federal-question jurisdiction pursuant to 28 U.S.C. § 1331 is required. Id.

In the current case, Gonda El seeks to remove to this court a dispossessory action filed in the Magistrate Court of Fulton County, Georgia. (See Proceeding Against Tenant Holding Over, attach. 1 to Doc. 1, at 74). Gonda El appears to assert that removal is proper based on diversity jurisdiction and federal question jurisdiction. (See Removal to Federal Court for Diversity of Citizenship, attach. 1 to Doc. 1, at 2-4). Pretermitting the issue of whether Gonda El is a proper party to remove the Fulton County action, or whether the technical requirements for removing that action to this court have been satisfied, the undersigned finds that removal is improper because this court lacks subject matter jurisdiction to hear the case.

**A.     Diversity Jurisdiction**

Section 1332(a) of Title 28 of the United States Code provides in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ." Section 1441(b) of Title 28 further provides that where removal is based on diversity (as opposed to a federal question), such action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." See also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89-90 (2005) ("An in-state plaintiff may invoke diversity jurisdiction, but § 1441(b) bars removal on the basis of diversity if any 'part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought.' " (quoting 28 U.S.C. § 1441(b)). "A party removing a case to federal

3

court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

Gonda El apparently asserts diversity jurisdiction based on her status as a citizen of an unidentified "foreign nation"; however, she lists her address as Atlanta, Georgia. (See Civil Cover Sheet, attach. 2 to Doc. 1).[1] Therefore, her citizenship for purposes of determining whether diversity exists appears to be Georgia. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (explaining that "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction"). Furthermore, El does not state the citizenship of Francisco Vallejos, the named defendant in the dispossessory action, and in particular, El has not shown that Vallejos is not a citizen of the State of Georgia. The only address provided for Vallejos in the record is the same Atlanta, Georgia address El lists for herself, i.e., 1428 Scotland Rd, SW, Atlanta, Georgia 30331, which is also the address for the property at issue. El has not shown that none "of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought," i.e. Georgia, and therefore, she has not met her burden of showing that removal of the dispossessory action on the basis of diversity jurisdiction is proper. See, e.g., Patterson Real Estate Group, Inc. v. Turk, No. 1:12-CV-0074-TWT-WEJ, 2012 U.S. Dist. LEXIS 14537, at *3 n.1 (N.D. Ga. Jan. 17, 2012) (noting that both the plaintiff's and defendant's addresses were Georgia

---

[1] In her notice of removal, she describes herself as "Aboriginal Indigenous." (See Removal to Federal Court for Diversity of Citizenship, attach. 1 to Doc. 1, at 1).

addresses and finding that "[b]ecause it appears that both parties are residents of Georgia, the Court does not have jurisdiction over this case based on diversity of citizenship"), adopted by 2012 U.S. Dist. LEXIS 14522 (N.D. Ga. Feb. 6, 2012); Fed. Home Loan Mortg. Corp. v. Lipai, No. 1:11-CV-2386-TWT-ECS, 2011 U.S. Dist. LEXIS 108300, at *4-5 (N.D. Ga. Aug. 3, 2011) (noting that the defendant "listed a Georgia address as her address for service, the same address as the premises that are the subject of the dispossessory action," and therefore, because she was a citizen of the state of Georgia, where the action was brought, she could not remove the action on the basis of diversity of citizenship), adopted by 2011 U.S. Dist. LEXIS 108299 (N.D. Ga. Sept. 21, 2011).

Moreover, El has not satisfied the amount in controversy requirement of 28 U.S.C. § 1332(a). As explained in Fed. Home Loan Mortg. Corp. v. Williams, No. 1:07-CV-2864-RWS, 2008 U.S. Dist. LEXIS 1622, at *5-6 (N.D. Ga. Jan. 8, 2008):

> In this case, Defendant has failed to demonstrate that either there is diversity of citizenship between him and Defendant or that the amount in controversy in this matter exceeds $75,000.00. As a dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to the property is not at issue and, accordingly, the removing defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.

Because El has not shown that the amount in controversy exceeds $75,000.00, she may not remove the dispossessory action to this court based on diversity jurisdiction. See, e.g., Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (finding that removal was improper because "this court has held that as a matter of law, a claim seeking only ejectment in a dispossessory action

cannot be reduced to a monetary sum for purposes of determining the amount in controversy," and therefore "Dhinoja cannot reduce the benefit sought to a monetary sum and there is no pecuniary amount in controversy").

**B.** <u>**Federal Question Jurisdiction**</u>

"The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331," and that rule "governs whether a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a)." <u>Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826, 830 & n.2 (2002). The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar, Inc.</u>, 482 U.S. at 392.

Furthermore, a defendant's counterclaims, defenses or potential defenses, even if they arise under federal laws or the United States Constitution, are ignored in determining whether a federal question has been raised by the plaintiff's complaint. <u>See</u> <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 6 (2003) ("To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses . . . ."); <u>Holmes Grp.</u>, 535 U.S. at 831 ("[A] counterclaim -- which appears as part of the defendant's answer, not as part of the plaintiff's complaint -- cannot serve as the basis for 'arising under' jurisdiction."); <u>Pan Am. Petroleum Corp. v. Superior Court of Del.</u>, 366 U.S. 656, 663 (1961) (noting that if the plaintiff does not raise a federal question in the complaint, "it is no substitute that the defendant is almost certain to raise a federal defense"); <u>Bd. of Educ. of Atlanta v. Am. Fed'n of State,</u>

Cnty. & Mun. Employees, 401 F. Supp. 687, 690 (N.D. Ga. 1975) ("Stated simply, a federal district court's original federal question jurisdiction must be posited upon the plaintiff's pleading of his own case, and not by defendant's response or even plaintiff's anticipation of a federal element in that response.").

In this case, the face of the Proceeding Against Tenant Holding Over indicates no federal question. (See attach. 1 to Doc. 1, at 74). In El's notice of removal [Doc. 1], she contends that Plaintiff violated various federal laws, including the Real Estate Settlement Procedures Act ("RESPA") and the Uniform Commercial Code ("UCC"). (See Removal to Federal Court for Diversity of Citizenship, attach. 1 to Doc. 1, at 16, 42). However, those claims were not raised by Plaintiff in the underlying action, and El's possible defenses or counterclaims do not provide a basis for removing the dispossessory proceeding to this court.

Gonda El has failed to demonstrate that this court has subject matter jurisdiction over the Fulton County dispossessory action, and thus removal of it is improper. The undersigned therefore **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Fulton County. See, e.g., Rogers v. Rucker, 835 F. Supp. 1410, 1413 (N.D. Ga. 1993) (remanding case for lack of jurisdiction because "[n]owhere[] on the face of the complaint[] can a federal question be derived," and "defendant's counterclaims, alleging violations of the Fair Housing Act, are ineffective in overcoming the limitations of the well-pleaded complaint rule").

**IT IS SO ORDERED, REPORTED AND RECOMMENDED** this 10th day of April, 2012.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge